UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY WASHINGTON, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>GEORGE BLOUNT SECURITY INC., d/b/a HONDO SECURITY, and GEORGE BLOUNT, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

ANTHONY WASHINGTON ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GEORGE BLOUNT SECURITY INC., d/b/a HONDO SECURITY ("Hondo"), and GEORGE BLOUNT, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A., § 34:11-56a4; (iv) the minimum wage provisions of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 206(a); (v) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (vi) the minimum wage provisions of the NJWHL, N.J.S.A., § 34:11-56a4; (vii) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., § 34:11-4.2; (viii) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (ix) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (x) the NYLL's requirement that if employment is terminated, employers pay employees their wages not later than the regular payday for the pay period during which the termination occurred, NYLL § 191(3); and (xi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York corporation that operates a Brooklyn-based security company and its owner and day-to-day overseer - - as a security guard, first in Manhattan from in or around April 2015 through in or around the end of October 2020, and then in both Manhattan and Newark, New Jersey, from in or around November 2020 through January 13, 2023. As described below, at all times relevant to the FLSA, the NYLL, the NJWHL, and/or the NJWPL ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA, the NYLL, and the NJWHL, the minimum wages due under the FLSA, the NYLL, and the NJWHL, or all wages due under the NJWPL. Specifically, throughout the Relevant Period, Defendants routinely required Plaintiff to work, and Plaintiff routinely worked, in excess of forty hours per week, but Defendants failed to pay Plaintiff at the statutorily-required overtime rate of either one and one-half times his regular rate of pay, one and one-half times the weighted average of his regular rates of pay, or one and one-half times

the minimum wage rate, if greater, for all hours that he worked in excess of forty in a week. Instead, Defendants paid Plaintiff at two separate hourly rates - - one rate for work that Plaintiff performed in New York and one rate for work that Plaintiff performed in New Jersey - - for all hours of work in a week, including those hours over forty, which both fell below the NYLL's and the NJWHL's minimum wage rates. As a result, Defendants also failed to pay Plaintiff the full amount of his wages owed on each payday, in violation of the NJWPL.

3. Defendants further violated the NYLL and the NYCRR by, for Plaintiff's work in New York, failing to: pay Plaintiff an additional hour's pay, at the minimum wage rate, for all days during which his spread of hours worked exceeded ten; and provide Plaintiff with any wage statement on each payday, let alone an accurate statement.

4. Finally, Defendants violated the FLSA and NYLL by failing to pay Plaintiff any wages whatsoever for his final week of work.

5. Defendants have paid and treated all of their non-managerial security guards in New York and New Jersey in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York and New Jersey law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as the term is defined below, who opts-in to this action.

## **JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York and New Jersey law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## **PARTIES**

9. At all times during the Relevant Period, Plaintiff worked for Defendants in either New York or in New Jersey, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, the NYCRR, the NJWHL, and the NJWPL.

10. At all relevant times, Defendant Hondo was and is a New York corporation with its principal place of business located at 2039 Strauss Street, Brooklyn, New York 11212. Hondo is also registered with the New York State Department of State to receive service of process at that same address.

11. At all relevant times, Defendant Blount was and is the owner and day-to-day overseer of Defendant Hondo, who in that role was and is ultimately responsible for all matters with respect to the hiring and firing of employees, as well as determining employees' hours, rates, and methods of pay, paying employees, and for maintaining employment records, including those matters with respect to Plaintiff.

12. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, the NYCRR, the NJWHL, and the NJWPL. Additionally, at all times relevant to the FLSA, Defendant Hondo's qualifying annual business has exceeded and exceeds

4

$500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees and conduct business in several states, including New York and New Jersey, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Plaintiff is also individually covered under the FLSA as he performed work for Defendants in both New York and New Jersey.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, unpaid minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial security guards in either New York or New Jersey, and who consent to file a claim to recover damages for overtime compensation, minimum wages, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked per workweek in excess of forty; and (6) were not paid at least at the required minimum wage rate for all hours of work.

15. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times

their respective regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked each workweek above forty, and at the minimum wage rate for all hours of work, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, throughout Plaintiff's employment, Plaintiff complained to Defendant Blount about Defendants' failure to pay overtime wages in accordance with the law, yet Defendants continued to violate the FLSA by requiring Plaintiff to work over forty hours in a week without paying him overtime, then by failing to pay him any wages, and thus not at least at the minimum wage, for any hours of work during his final week of employment.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and at least at the minimum wage rate for all hours of work, in violation of the FLSA.

## BACKGROUND FACTS

17.     Defendant Hondo is a New York corporation that operates a Brooklyn-based security company, which provides on-site security guards to various businesses in several states, including New York and New Jersey.

18.     Defendant Blount owns Hondo and manages it on a daily basis.  In that role, he is responsible for all matters with respect to hiring, firing, and disciplining employees, distributing work duties, determining all employees' rates and methods of pay and hours worked and paying employees, and for maintaining employment records.  Indeed, Blount personally hired Plaintiff, determined the schedule and hours that Plaintiff worked and the locations at which he worked, set and paid Plaintiff his wages on each payday, and was responsible for maintaining Plaintiff's employment records.

19.     At all times during the Relevant Period, Defendants have employed at least eleven employees.

20.     Plaintiff worked for Defendants at Defendants' clients' businesses as an on-site security guard from in or around April 2015 through January 13, 2023.  From the beginning of Plaintiff's employment through October 2020, Plaintiff worked at what was then a three-story mechanic shop located at 540 West 38th Street in Manhattan.  From November 2020 through January 13, 2023, Plaintiff worked at that same Manhattan location - - which is now an empty lot temporarily used for storage - - as well as at a residential building located at 440 Elizabeth Avenue in Newark, New Jersey.

21.     As his title suggests, Plaintiff's primary job responsibilities were conducting foot patrols of the facility and providing security at the entrance and exit.

22.     Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, the following schedule: from October 2016 until October 2020, at the Manhattan location, six days a week, Sunday through Friday, from 8:00 a.m. until 12:00 a.m., without a scheduled or uninterrupted break during his shifts, for a total of ninety-six hours per week; and from November 2020 through January 13, 2023, at the Manhattan location four days a week, Tuesday and Friday from 8:00 a.m. until 12:00 a.m., and Monday and Thursday from 9:00 a.m. until 12:00 a.m., and at the Newark location two days a week, Sunday and Wednesday from 8:00 a.m. until 8:00 a.m., without a scheduled or uninterrupted break during his shifts, for a total of at least one hundred and ten hours per week.

23.     For his work, at all times throughout the Relevant Period, Defendants paid Plaintiff on an hourly basis, at the rate of $8.00 for all of his hours of work performed in New York, and at the rate of $10.00 for all of his hours of work performed in New Jersey.

24. By way of example only, for the week of June 19 through June 25, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Sunday, June 19, 2022: in New Jersey, from 8:00 a.m. until 8:00 a.m.;
>
> Monday, June 20, 2022: in New York, from 9:00 a.m. until 12:00 a.m.;
>
> Tuesday, June 21, 2022: in New York, from 8:00 a.m. until 12:00 a.m.;
>
> Wednesday, June 22, 2022: in New Jersey, from 8:00 a.m. until 8:00 a.m.;
>
> Thursday, June 23, 2022: in New York, from 9:00 a.m. until 12:00 a.m.;
>
> Friday, June 24, 2022: in New York, from 8:00 a.m. until 12:00 a.m.; and
>
> Saturday, June 25, 2022: off.

Accordingly, Plaintiff worked a total of one hundred and ten hours during this week. In exchange for his work, Defendants paid Plaintiff at his regular hourly rate of $8.00 for all sixty-two of his hours of work in New York, and at his regular hourly rate of $10.00 for all forty-eight of his hours of work in New Jersey.

25. Further, throughout the Relevant Period, for his work in New York, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish, including four days during the week detailed in the paragraph above, yet for those days did not pay him an additional hour's pay at the applicable minimum wage rate.

26. Throughout the Relevant Period, Defendants paid Plaintiff in cash on a weekly basis.

27. On each occasion when Defendants paid Plaintiff during the Relevant Period for his work in New York, Defendants failed to provide Plaintiff with any wage statement, let alone one that listed, *inter alia*: the name of his employer; his employer's address and phone number;

8

his regular and overtime rates of pay; whether he was to be paid by the hour, shift, day, week, salary, piece, commission, or on another basis; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. Defendants' disclosure failures deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and resulted in the underpayment of wages as asserted herein.

28. Further, Defendants failed to pay Plaintiff any wages for his last week of work, from January 7 to January 13, 2023, during which Plaintiff worked approximately ninety-six hours. To date, Defendants have not paid Plaintiff at all for these hours.

29. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

30. Defendants have acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

31. Each hour that Plaintiff and FLSA Plaintiffs have worked was and is for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

32. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked exceeding forty in a workweek.

34. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

36. Defendants willfully violated the FLSA.

37. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or the weighted average of their regular rates of pay.

38. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

39. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

41. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL and the NYCRR.

42. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

43. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rates of pay, or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater.

44. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NJWHL*

45. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. NJWHL § 34:11-56a requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are employees within the meaning of the NJWHL.

48. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

49. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of

one and one-half times their regular rates of pay, or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater.

50. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are also entitled to treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

51. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

53. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

54. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

55. Defendants willfully violated the FLSA.

56. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

57. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

58. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

12

59. NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

60. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL and the NYCRR.

61. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

62. At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

63. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NJWHL*

64. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NJWHL § 34:11-56a prescribes a minimum wage that employers must pay to their employees for each hour worked.

66. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are employees within the meaning of the NJWHL.

67. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, at the minimum hourly rate that the NJWHL requires for all hours worked.

68. At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are entitled to the minimum rate of pay that the NJWHL requires for all hours worked.

69. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are also entitled to treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's minimum wage provisions.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Full Wages Owed in Violation of the NJWPL*

70. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

72. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are employees within the meaning of the NJWPL.

73. As also described above, Defendants failed to pay Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, the full amount of wages due each pay period.

74. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are entitled to the difference between the wages that Defendants paid to them and the wages to which they are entitled under the law.

75. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New Jersey, are also entitled to treble damages, interest, and attorneys' fees for Defendants' violations of the NJWPL.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

76. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

78. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL and the NYCRR.

79. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

80. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

81. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

82. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

84. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL.

85. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, with any wage statement, let alone one that accurately contains all of the criteria that the NYLL requires.

86. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Earned Wages upon Termination in Violation of the NYLL*

87. Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88. NYLL § 191(3) requires employers to pay employees their earned wages not later than the regular payday for the pay period during which the employee's employment terminates.

89. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, are employees within the meaning of the NYLL.

90. As also described above, Defendants have failed to pay Plaintiff his earned wages for his final week of work at any time, let alone by the regularly scheduled payday for the week during which the termination of employment occurred.

91. Plaintiff is entitled to all unpaid wages, liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 191(3).

## DEMAND FOR A JURY TRIAL

92. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York, and New Jersey laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.  An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.  Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g.  Granting treble damages and any other statutory penalties as recoverable under the NJWHL and the NJWPL;

      h.  Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      j.  Pre-judgment and post-judgment interest, as provided by law; and

      k.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       June 8, 2023

                                   Respectfully submitted,

                                   BORRELLI & ASSOCIATES, P.L.L.C.
                                   *Attorneys for Plaintiff*
                                   910 Franklin Avenue, Suite 200
                                   Garden City, New York 11530
                                   Tel. (516) 248-5550
                                   Fax. (516) 248-6027

                 By:                 _____
                                   TENZIN TASHI (5651377)
                                   ALEXANDER T. COLEMAN (AC 1717)
                                   MICHAEL J. BORRELLI (MB 8533)